UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICKY GENE WHITE                                                                    PLAINTIFF

v.                                        No. 5:19-CV-05144

SHAWN HOLLOWAY, et al.                                                           DEFENDANTS

## OPINION AND ORDER

Before the Court are a motion (Doc. 20) to dismiss and brief (Doc. 21) in support filed by Separate Defendant Mick Epperly. Plaintiff has filed a response (Doc. 29) and brief (Doc. 30) in opposition to the motion. Epperly separately filed a response (Doc. 26) to Plaintiff's affidavit (Doc. 19) of service on Separate Defendant Kerry Headrick, who is no longer a deputy sheriff with the Barry County, Missouri Sheriff's Office.

Because the complaint contains no clear statement that Epperly is sued in his individual capacity, the claims against him must be construed as claims against him only in his official capacity as Sheriff of Barry County, Missouri. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Plaintiff also brings claims against Headrick in his official capacity. Plaintiff's complaint, as characterized by his brief in opposition, alleges official capacity claims against Epperly and Headrick on the basis of the Barry County Sheriff's deliberate indifference to the use of excessive force by his personnel and failure to put in place policies and procedures to prevent excessive force, which allegedly led to Headrick using excessive force against Plaintiff while arresting him.

Plaintiff improperly served both of these defendants, and his claims against them will be dismissed.

Plaintiff initially attempted to serve Epperly and Headrick by mail "at their last known

1

business address." (Doc. 14, p. 1). Plaintiff did not argue that this method of service was proper, either for official or individual capacity claims. Instead, Plaintiff asked for an extension of time to effect service, which the Court gave to him. Plaintiff then attempted service by mail again, with restricted delivery and return receipt requested, by sending the summonses and complaints for Epperly and Headrick to "Barry County Missouri, Sheriff's Department,[1] 505 East St., Cassville, Missouri 65625." (Doc. 20-2, p. 3). This is the same address from which mail sent to Epperly previously had been returned to Plaintiff with a notation "Return to Sender, Attempted – Not Known, Unable to Forward."[2] (Doc. 14-1, p. 1). It was this delivery failure that prompted Plaintiff's motion to extend the time for service, and Plaintiff does not explain why he used the same address to attempt service a second time.

An official capacity claim against a person is really a suit against his office. *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017). The Federal Rules of Civil Procedure mandate that:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Service to a Missouri county official under Rule 4(j)(2)(B) can be accomplished by delivering a copy of the summons and complaint to the appropriate county clerk pursuant to Missouri Supreme Court Rule 54.13(b)(4). *Cheeks v. Belmar*, 331 F.R.D. 499, 505

---

[1] Plaintiff's affidavit of service for Epperly claims that this mailing was addressed to the attention of Gary Davis, Sheriff. (Doc. 19, pp. 1, 3). The copy of the envelope attached as an exhibit to Epperly's motion to dismiss indicates that it was not sent to the attention of Sheriff Gary Davis, but was addressed only to "Barry County Missouri, Sheriff's Department." (Doc. 20-2).

[2] The reason for this appears to be that Epperly is no longer Sheriff of Barry County, Missouri, and so is not appropriately named as an official-capacity Defendant. Pursuant to Federal Rule of Civil Procedure 25(d), Gary Davis is automatically substituted for Epperly, but this substitution is immaterial to the Court's analysis and dismissal remains proper.

(E.D. Mo. 2019). That process was not attempted here. Service to a Missouri county governmental organization under Rule 4(j)(2)(A) can be accomplished by delivering a copy of the summons and complaint to the governmental organization's chief executive officer. That process was not accomplished here. "Delivering" under Rule 4(j)(2)(A) cannot be accomplished by the use of certified mail. *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (citing *Gilliam v. Cty. of Tarrant*, 94 F. App'x 230 (5th Cir. 2004)); *see Reed v. Choice Hotels Int'l, Inc.*, No. 05-3133-CV-S-SWH, 2005 WL 8157324, *2 (W.D. Mo. Oct. 21, 2005) (finding service by mail is insufficient under Rule 4(j) and Missouri law). Plaintiff has failed to effect service on a state or governmental entity, and his official capacity claims against the Barry County, Missouri Sheriff are subject to dismissal. *Accord Porter v. Gentry Cty. Comm'n*, No. 08-6029-CV-SJ-FJG, 2008 WL 2559426 (W.D. Mo. June 23, 2008) (dismissing Missouri action for insufficient process under similar circumstances); *Thomas v. Mo Jackson Cty.*, No. 07-459-CV-W-NKL, 2008 WL 276530 (W.D. Mo. Jan. 30, 2008) (same).

The Court also notes that the docket does not reflect that sufficient service has been made on Defendant Headrick in his individual capacity. Rather, it shows only that a summons and complaint were mailed to him at his last known place of employment, which is insufficient to effect service of an individual under Federal Rule of Civil Procedure 4(e).

> "A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official-capacity suit against an individual is really a suit against that official's government entity." *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017). "Although official capacity suits may be a legal fiction, they are a legal fiction with meaning." *Gillpatrick v. Frakes*, 2018 WL 1955123, at *4 (D. Neb. Apr. 17, 2018). "Acts performed by the same person in two different capacities 'are generally treated as the transactions of two different legal personages.'" *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543 n.6 (1986) (quoting F. James & G. Hazard, *Civil Procedure* § 11.6, p. 594 (3d ed. 1985)). "An individual acting in his personal capacity is a different legal person than one acting in his official capacity." *Gillpatrick*, 2018 WL 1955123, at *4.
>
> As a result, where a defendant is sued in both his individual and official capacities

> . . . the "defendant is entitled to receive service of process in both capacities. Service in one capacity does not confer jurisdiction over the other capacity, even though the defendant is fully aware of the suit." 1 James Wm. Moore, et al., *Moore's Federal Practice* § 4.503 (3d ed. 2018); *see King v. Taylor*, 694 F.3d 650, 655–56 (6th Cir. 2012) (where plaintiff sued defendant in both his individual and official capacities, but served plaintiff only in his official capacity, the court did not gain jurisdiction over defendant in his individual capacity); *Kirkendall v. Univ. of Conn. Health Ctr.*, 205 F.3d 1323, 2000 WL 232071, at *1 (2d Cir. 2000) (unpublished opinion) (claims against individual defendants in their individual capacities were properly dismissed because the individual defendants did not receive service of process in their individual capacities); *see also Robinson v. Turner*, 15 F.3d 82, 85 (7th Cir. 1994) ("Service upon an employee in his official capacity does not amount to service in his individual capacity."); *Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir. 1980) (rejecting argument that once a defendant was served in his official capacity, he was properly before the court in both his individual and official capacities).

*Cheeks*, 331 F.R.D. at 504–05. Though it is not certain that the Eighth Circuit Court of Appeals would follow this precedent in the event that a dual-capacity party receives actual notice of the claims against him, there is no showing in this action that Headrick has actual notice.

In his brief, Plaintiff argues in passing that if the Court finds service is improper, additional time to serve should be allowed under Rule 4(m). Plaintiff fails to show good cause or excusable neglect for his failure to serve—both of which must be shown at this stage, contrary to Plaintiff's interpretation of the authority he cites. *See Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) ("A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules.") (quoting *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)). Here, Plaintiff attempted service by mail at the same address that resulted in Plaintiff's initial failure to serve these Defendants. Plaintiff made no apparent attempt to improve on his initial failure, neither by finding an alternative location for service nor determining whether there was some insufficiency in his chosen method of service.

In addition to the absence of good cause and excusable neglect, it appears that the Court lacks personal jurisdiction over the Barry County, Missouri Sheriff for any purported failure to

implement policies on the excessive use of force, and likely lacks personal jurisdiction over Defendant Headrick in his individual capacity, given that it was Plaintiff's unilateral actions in refusing to stop and evading arrest throughout Barry County that led to Defendant Headrick participating in Plaintiff's arrest just over the Arkansas border from Missouri. Prudence and the admonition of Federal Rule of Civil Procedure 1 counsel against allowing additional time in this case to serve these Defendants, despite the Court's typical preference for resolution on the merits, rather than on purely procedural grounds.

IT IS THEREFORE ORDERED that the motion to dismiss (Doc. 20) is GRANTED. Plaintiff's official capacity claims against Defendant Mick Epperly as Sheriff of Barry County, Missouri, and Plaintiff's official and individual capacity claims against Defendant Kerry Headrick, are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 14th day of January, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE